UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN VARELA,<br><br>            Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. EDCV 12-1644 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

**I.   SUMMARY**

On October 4, 2012, plaintiff Martin Varela ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 9, 2012 Case Management Order ¶ 5.

---

[1]Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 10, 2009, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 118, 125). Plaintiff asserted that he became disabled on July 1, 2008, due to seizures, mental impairment, inability to "stand long," and "bad feet." (AR 139). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on April 27, 2011. (AR 24-43).

On May 26, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 11-19). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: lumbar strain and seizure disorder (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 13-14); (3) plaintiff retained the residual functional capacity to perform the full range of medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with additional non-exertional limitations[2] (AR 14); (4) plaintiff could perform his past relevant work as a laborer (AR 18); and (5) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 15).

The Appeals Council denied plaintiff's application for review. (AR 1).

---

[2]The ALJ determined that plaintiff: (i) could "lift and/or carry 50 pounds occasionally and 25 pounds"; (ii) could stand, walk, and/or sit for six hours in an eight-hour workday with normal breaks such as every two hours; (iii) could not climb ladders, ropes or scaffolds; (iv) could not work at unprotected heights or with moving machinery; (v) could not operate motor vehicles or use vibrating tools; (vi) was limited to simple and repetitive tasks; and (vii) could not be responsible for the safety of others. (AR 14).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed properly to consider the opinions of two state agency reviewing physicians – Dr. K. Wahl and Dr. J. Hartman. (Plaintiff's Motion at 24-26) (citing AR 346-49, 404-05). As discussed in detail below, the Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] See id.

"The Commissioner may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1998). However, while "not bound by findings made by State agency or other program physicians and psychologists, [ALJs] may not ignore these opinions and must explain the weight given to the opinions in their decisions." Social Security Ruling 96-6p; see also 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other

---

[3] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence. . . ."); Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008)[4] ("An ALJ is required to consider as opinion evidence the findings of state agency medical consultants; the ALJ is also required to explain in his decision the weight given to such opinions.").

### B.  Pertinent Facts

In an August 13, 2009 report of a Complete Orthopedic Evaluation of plaintiff, Dr. Bunsri T. Sophon, an examining orthopedic surgeon, opined that plaintiff was "capable of lifting and carrying 50 pounds occasionally [and] 25 pounds frequently."  (AR 341).

In a Physical Residual Functional Capacity Assessment form dated August 19, 2009 ("August 19, 2009 RFC Form"), Dr. Wahl opined, among other things, that plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently.  (AR 346).  Dr. Wahl indicated on the form that the conclusions of a treating/examining source in plaintiff's file were "significantly different."  (AR 349).  Dr. Wahl noted, however, that the conflicting conclusions were "not supported by the evidence file," and explained "[l]ift/carry changed from 50/25 to 20/10, not material to case, but due to seizures safer for [plaintiff]."  (AR 349).

In a Case Analysis of the same date ("August 19, 2009 Case Analysis"), Dr. Wahl adopted a "light" residual functional capacity assessment for plaintiff.  (AR 352).

///

---

[4] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

In a March 4, 2010 Case Analysis ("March 4, 2010 Case Analysis"), Dr. Hartman affirmed the "prior decision of light [residual functional capacity assessment]." (AR 405).

At the hearing, the medical expert reviewed the evidence and testified that plaintiff retained the residual functional capacity for "[l]ifting and carrying . . . 25 pounds frequently, 50 pounds occasionally." (AR 30-31).

In his decision, the ALJ stated "[t]he undersigned has read and considered all of the State agency physicians' reports and consultative examiners' reports and agrees with them." (AR 16) (citing, *inter alia*, Exhibits 9F [AR 345-50] (Dr. Wahl's August 19, 2009 RFC Form); 10F [AR 351-53] (Dr. Wahl's August 19, 2009 Case Analysis); 16F [AR 404-05] (Dr. Hartman's March 4, 2010 Case Analysis)).

### C. Analysis

This Court concludes that the ALJ erred in his assessment of the opinions of Drs. Wahl and Hartman. As noted above, the ALJ cited Dr. Wahl's August 19, 2009 RFC Form and Case Analysis, and Dr. Hartman's March 4, 2010 Case Analysis (collectively "State Agency Physician Reports"), and purportedly "agree[d]" with the State Agency Physician Reports. (AR 16) (citing, *inter alia*, Exhibits 9F [AR 345-50]; 10F [AR 351-53]; 16F [AR 404-05]). Nonetheless, it does not appear that the ALJ's residual functional capacity assessment for plaintiff accounts for the functional limitations expressed by Drs. Wahl and Hartman in those reports. (AR 14, 16). As plaintiff correctly points out, the ALJ either inaccurately characterized the State Agency Physician Reports as supportive of his residual functional capacity assessment for plaintiff, or the ALJ ignored/implicitly rejected the State Agency Physician Reports to the extent they contained any conflicting opinions from Drs. Wahl and Hartman. (Plaintiff's Motion at 24-25). Either way, the ALJ erred and the Court cannot find such error to be harmless.
///

If the former, *i.e.*, if the ALJ inaccurately characterized the State Agency Physician Reports as supporting the ALJ's residual functional capacity assessment for plaintiff, a remand is warranted to permit the ALJ to reconsider his assessment that plaintiff retained the residual functional capacity to perform the full range of medium work in light of the opinions of Drs. Wahl and Hartman which appear to suggest otherwise. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) ("inaccurate characterization" of record cannot serve as substantial evidence to support ALJ's disability findings); Lesko v. Shalala, 1995 WL 263995, *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

If the latter, *i.e.*, if the ALJ silently disregarded any conflicting opinions expressed in the State Agency Physician Reports, it is appropriate to remand so that the ALJ can resolve any conflict between the opinions of Drs. Wahl and Hartman on the one hand, and those of the examining orthopedic surgeon and testifying medical expert on the other, and provide an explanation for rejecting any medical opinions. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (ALJ responsible for resolving conflicts in medical testimony and ambiguities) (citation omitted).

To the extent defendant contends that the opinions of Drs. Wahl and Hartman were immaterial (*i.e.*, did not "warrant[] comment") and therefore need not have been considered (or expressly rejected) by the ALJ (Defendant's Motion at 10), this Court disagrees. Defendant may well be correct that Dr. Wahl suggested that plaintiff's lift/carry assessment be reduced merely out of an immaterial concern for plaintiff's safety, and that the state agency doctor's opinion could be rejected in favor of the conflicting opinions of the examining physician and testifying medical expert. Nonetheless, here the ALJ specifically cited to, and professed expressly to agree with the State Agency Physician Reports. (AR 16). Since the State Agency Physician Reports were properly before the ALJ, the ALJ

was required to consider such evidence and accurately explain the weight he afforded to the opinions expressed by Drs. Wahl and Hartman therein. See, e.g., Sawyer, 303 Fed. Appx. at 455 (ALJ failed properly to consider findings of state agency medical consultants where ALJ stated that he "agreed with the limitations assessed by the state agency consultants" but the ALJ's residual functional capacity assessment did not accurately include the limitations found by the state-agency physicians and the ALJ "did not otherwise explain" the weight given to the opinions).

Although, as defendant suggests, the ALJ may be able to reject the opinions of Drs. Wahl and Hartman on other grounds (Defendant's Motion at 10-11), the ALJ did not do so in the administrative decision. This Court may not affirm the ALJ's non-disability determination based on reasons not articulated by the ALJ. See Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196(1947)) ("[courts] may not uphold an [ALJ's] decision on a ground not actually relied on by the agency"); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

Finally, the Court cannot find the ALJ's error harmless.[5] At the hearing, the vocational expert testified that plaintiff (or a hypothetical individual with the same characteristics as plaintiff) could not perform plaintiff's past relevant work if plaintiff was "limited to [lifting/carrying] 20 pounds occasionally and 10 pounds frequently." (AR 41) (citing Exhibit 9F [AR 345-50] (Dr. Wahl's August 19, 2009 RFC Form)). The Court therefore cannot conclude that the ALJ's

---

[5]The harmless error rule applies to the review of administrative decisions regarding disability. See Molina, 674 F.3d at 1115-22 (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout, 454 F.3d at 1054-56).

nondisability determination at step four would have been the same had the ALJ included Dr. Wahl's limitation in his residual functional capacity assessment for plaintiff. See Sawyer, 303 Fed. Appx. at 455 (error in ALJ's failure properly to consider medical opinion evidence considered harmless "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion. . . .") (citing Stout, 454 F.3d at 1055).  Accordingly, the Court cannot find that the ALJ's error was harmless.

## V. CONCLUSION[6]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[7]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 20, 2013

                                                   /s/
                                         Honorable Jacqueline Chooljian
                                         UNITED STATES MAGISTRATE JUDGE

---

[6] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).