1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

| | |
|---|---|
| MARTIN VARELA, | Case No. EDCV 12-1644 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

18   **I.   SUMMARY**

19       On October 4, 2012, plaintiff Martin Varela ("plaintiff") filed a Complaint

20   seeking review of the Commissioner of Social Security's denial of plaintiff's

21   application for benefits.  The parties have consented to proceed before a United

22   States Magistrate Judge.

23       This matter is before the Court on the parties' cross motions for summary

24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25   Court has taken both motions under submission without oral argument.  See Fed.

26   R. Civ. P. 78; L.R. 7-15; October 9, 2012 Case Management Order ¶ 5.

27

28

_____

[1]Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

1   Based on the record as a whole and the applicable law, the decision of the

2   Commissioner is REVERSED AND REMANDED for further proceedings

3   consistent with this Memorandum Opinion and Order of Remand.

4   **II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5   **DECISION**

6   On July 10, 2009, plaintiff filed applications for Supplemental Security

7   Income and Disability Insurance Benefits.  (Administrative Record ("AR") 118,

8   125).  Plaintiff asserted that he became disabled on July 1, 2008, due to seizures,

9   mental impairment, inability to "stand long," and "bad feet."  (AR 139).  The

10  Administrative Law Judge ("ALJ") examined the medical record and heard

11  testimony from plaintiff (who was represented by counsel), a medical expert and a

12  vocational expert on April 27, 2011.  (AR 24-43).

13  On May 26, 2011, the ALJ determined that plaintiff was not disabled

14  through the date of the decision.  (AR 11-19).  Specifically, the ALJ found:

15  (1) plaintiff suffered from the following severe impairments:  lumbar strain and

16  seizure disorder (AR 13); (2) plaintiff's impairments, considered singly or in

17  combination, did not meet or medically equal a listed impairment (AR 13-14);

18  (3) plaintiff retained the residual functional capacity to perform the full range of

19  medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)) with additional non-

20  exertional limitations[2] (AR 14); (4) plaintiff could perform his past relevant work

21  as a laborer (AR 18); and (5) plaintiff's allegations regarding his limitations were

22  not credible to the extent they were inconsistent with the ALJ's residual functional

23  capacity assessment (AR 15).

24  The Appeals Council denied plaintiff's application for review.  (AR 1).

25

26  [2]The ALJ determined that plaintiff:  (i) could "lift and/or carry 50 pounds occasionally
    and 25 pounds"; (ii) could stand, walk, and/or sit for six hours in an eight-hour workday with

27  normal breaks such as every two hours; (iii) could not climb ladders, ropes or scaffolds;
    (iv) could not work at unprotected heights or with moving machinery; (v) could not operate

28  motor vehicles or use vibrating tools; (vi) was limited to simple and repetitive tasks; and
    (vii) could not be responsible for the safety of others.  (AR 14).

1 | **III.   APPLICABLE LEGAL STANDARDS**

2 |     **A.   Sequential Evaluation Process**

3 |     To qualify for disability benefits, a claimant must show that the claimant is

4 | unable "to engage in any substantial gainful activity by reason of any medically

5 | determinable physical or mental impairment which can be expected to result in

6 | death or which has lasted or can be expected to last for a continuous period of not

7 | less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

8 | (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The

9 | impairment must render the claimant incapable of performing the work claimant

10 | previously performed and incapable of performing any other substantial gainful

11 | employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094,

12 | 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

13 |     In assessing whether a claimant is disabled, an ALJ is to follow a five-step

14 | sequential evaluation process:

15 |     (1)   Is the claimant presently engaged in substantial gainful activity?  If

16 |        so, the claimant is not disabled.  If not, proceed to step two.

17 |     (2)   Is the claimant's alleged impairment sufficiently severe to limit

18 |        the claimant's ability to work?  If not, the claimant is not

19 |        disabled.  If so, proceed to step three.

20 |     (3)   Does the claimant's impairment, or combination of

21 |        impairments, meet or equal an impairment listed in 20 C.F.R.

22 |        Part 404, Subpart P, Appendix 1?  If so, the claimant is

23 |        disabled.  If not, proceed to step four.

24 |     (4)   Does the claimant possess the residual functional capacity to

25 |        perform claimant's past relevant work?  If so, the claimant is

26 |        not disabled.  If not, proceed to step five.

27 |     (5)   Does the claimant's residual functional capacity, when

28 |        considered with the claimant's age, education, and work

1          experience, allow the claimant to adjust to other work that

2          exists in significant numbers in the national economy?  If so,

3          the claimant is not disabled.  If not, the claimant is disabled.

4 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

5 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

6 1110 (same).

7        The claimant has the burden of proof at steps one through four, and the

8 Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

9 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

10 v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

11 proving disability).

12        **B.**      **Standard of Review**

13        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

14 benefits only if it is not supported by substantial evidence or if it is based on legal

15 error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

16 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

17 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

18 mind might accept as adequate to support a conclusion."  Richardson v. Perales,

19 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

20 mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

21 Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

22        To determine whether substantial evidence supports a finding, a court must

23 "'consider the record as a whole, weighing both evidence that supports and

24 evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v.

25 Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

26 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

27 or reversing the ALJ's conclusion, a court may not substitute its judgment for that

28 of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

1    **IV.    DISCUSSION**

2         Plaintiff contends that the ALJ failed properly to consider the opinions of

3    two state agency reviewing physicians – Dr. K. Wahl and Dr. J. Hartman.

4    (Plaintiff's Motion at 24-26) (citing AR 346-49, 404-05).  As discussed in detail

5    below, the Court agrees.  As the Court cannot find that the ALJ's error was

6    harmless, a remand is warranted.

7         **A.    Pertinent Law**

8         In Social Security cases, courts employ a hierarchy of deference to medical

9    opinions depending on the nature of the services provided.  Courts distinguish

10   among the opinions of three types of physicians:  those who treat the claimant

11   ("treating physicians") and two categories of "nontreating physicians," namely

12   those who examine but do not treat the claimant ("examining physicians") and

13   those who neither examine nor treat the claimant ("nonexamining physicians").

14   Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

15   treating physician's opinion is entitled to more weight than an examining

16   physician's opinion, and an examining physician's opinion is entitled to more

17   weight than a nonexamining physician's opinion.[3]  See id.

18        "The Commissioner may reject the opinion of a nonexamining physician by

19   reference to specific evidence in the medical record."  Sousa v. Callahan, 143 F.3d

20   1240, 1244 (9th Cir. 1998).  However, while "not bound by findings made by

21   State agency or other program physicians and psychologists, [ALJs] may not

22   ignore these opinions and must explain the weight given to the opinions in their

23   decisions."  Social Security Ruling 96-6p; see also 20 C.F.R. §§ 404.1527(f)(2)(i),

24   416.927(f)(2)(i) ("State agency medical and psychological consultants and other

25

26        [3]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to
27   draw bright line distinguishing treating physicians from non-treating physicians; relationship is
     better viewed as series of points on a continuum reflecting the duration of the treatment
28   relationship and frequency and nature of the contact) (citation omitted).

1  program physicians and psychologists are highly qualified physicians and

2  psychologists who are also experts in Social Security disability evaluation.

3  Therefore, administrative law judges must consider findings of State agency

4  medical and psychological consultants or other program physicians or

5  psychologists as opinion evidence. . . ."); <u>Sawyer v. Astrue</u>, 303 Fed. Appx. 453,

6  455 (9th Cir. 2008)[4] ("An ALJ is required to consider as opinion evidence the

7  findings of state agency medical consultants; the ALJ is also required to explain in

8  his decision the weight given to such opinions.").

9         **B.    Pertinent Facts**

10        In an August 13, 2009 report of a Complete Orthopedic Evaluation of

11  plaintiff, Dr. Bunsri T. Sophon, an examining orthopedic surgeon, opined that

12  plaintiff was "capable of lifting and carrying 50 pounds occasionally [and] 25

13  pounds frequently."  (AR 341).

14        In a Physical Residual Functional Capacity Assessment form dated August

15  19, 2009 ("August 19, 2009 RFC Form"), Dr. Wahl opined, among other things,

16  that plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds

17  frequently.  (AR 346).  Dr. Wahl indicated on the form that the conclusions of a

18  treating/examining source in plaintiff's file were "significantly different."  (AR

19  349).  Dr. Wahl noted, however, that the conflicting conclusions were "not

20  supported by the evidence file," and explained "[l]ift/carry changed from 50/25 to

21  20/10, not material to case, but due to seizures safer for [plaintiff]."  (AR 349).

22        In a Case Analysis of the same date ("August 19, 2009 Case Analysis"), Dr.

23  Wahl adopted a "light" residual functional capacity assessment for plaintiff.  (AR

24  352).

25  ///

26

27

28        [4]The Court may cite unpublished Ninth Circuit opinions issued on or after January 1,
2007.  <u>See</u> U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

1   In a March 4, 2010 Case Analysis ("March 4, 2010 Case Analysis"), Dr.

2   Hartman affirmed the "prior decision of light [residual functional capacity

3   assessment]."  (AR 405).

4   At the hearing, the medical expert reviewed the evidence and testified that

5   plaintiff retained the residual functional capacity for "[l]ifting and carrying . . .

6   25 pounds frequently, 50 pounds occasionally."  (AR 30-31).

7   In his decision, the ALJ stated "[t]he undersigned has read and considered

8   all of the State agency physicians' reports and consultative examiners' reports and

9   agrees with them."  (AR 16) (citing, *inter alia*, Exhibits 9F [AR 345-50] (Dr.

10   Wahl's August 19, 2009 RFC Form); 10F [AR 351-53] (Dr. Wahl's August 19,

11   2009 Case Analysis); 16F [AR 404-05] (Dr. Hartman's March 4, 2010 Case

12   Analysis)).

13   **C.   Analysis**

14   This Court concludes that the ALJ erred in his assessment of the opinions of

15   Drs. Wahl and Hartman.  As noted above, the ALJ cited Dr. Wahl's August 19,

16   2009 RFC Form and Case Analysis, and Dr. Hartman's March 4, 2010 Case

17   Analysis (collectively "State Agency Physician Reports"), and purportedly

18   "agree[d]" with the State Agency Physician Reports.  (AR 16) (citing, *inter alia*,

19   Exhibits 9F [AR 345-50]; 10F [AR 351-53]; 16F [AR 404-05]).  Nonetheless, it

20   does not appear that the ALJ's residual functional capacity assessment for plaintiff

21   accounts for the functional limitations expressed by Drs. Wahl and Hartman in

22   those reports.  (AR 14, 16).  As plaintiff correctly points out, the ALJ either

23   inaccurately characterized the State Agency Physician Reports as supportive of his

24   residual functional capacity assessment for plaintiff, or the ALJ ignored/implicitly

25   rejected the State Agency Physician Reports to the extent they contained any

26   conflicting opinions from Drs. Wahl and Hartman.  (Plaintiff's Motion at 24-25).

27   Either way, the ALJ erred and the Court cannot find such error to be harmless.

28   ///

1    If the former, *i.e.*, if the ALJ inaccurately characterized the State Agency

2  Physician Reports as supporting the ALJ's residual functional capacity assessment

3  for plaintiff, a remand is warranted to permit the ALJ to reconsider his assessment

4  that plaintiff retained the residual functional capacity to perform the full range of

5  medium work in light of the opinions of Drs. Wahl and Hartman which appear to

6  suggest otherwise.  See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297

7  (9th Cir. 1999) ("inaccurate characterization" of record cannot serve as substantial

8  evidence to support ALJ's disability findings); Lesko v. Shalala, 1995 WL

9  263995, *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's

10  medical record" found to constitute reversible error).

11    If the latter, *i.e.*, if the ALJ silently disregarded any conflicting opinions

12  expressed in the State Agency Physician Reports, it is appropriate to remand so

13  that the ALJ can resolve any conflict between the opinions of Drs. Wahl and

14  Hartman on the one hand, and those of the examining orthopedic surgeon and

15  testifying medical expert on the other, and provide an explanation for rejecting any

16  medical opinions.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (ALJ

17  responsible for resolving conflicts in medical testimony and ambiguities) (citation

18  omitted).

19    To the extent defendant contends that the opinions of Drs. Wahl and

20  Hartman were immaterial (*i.e.*, did not "warrant[] comment") and therefore need

21  not have been considered (or expressly rejected) by the ALJ (Defendant's Motion

22  at 10), this Court disagrees.  Defendant may well be correct that Dr. Wahl

23  suggested that plaintiff's lift/carry assessment be reduced merely out of an

24  immaterial concern for plaintiff's safety, and that the state agency doctor's opinion

25  could be rejected in favor of the conflicting opinions of the examining physician

26  and testifying medical expert.  Nonetheless, here the ALJ specifically cited to, and

27  professed expressly to agree with the State Agency Physician Reports.  (AR 16).

28  Since the State Agency Physician Reports were properly before the ALJ, the ALJ

1   was required to consider such evidence and accurately explain the weight he

2   afforded to the opinions expressed by Drs. Wahl and Hartman therein.  See, e.g.,

3   Sawyer, 303 Fed. Appx. at 455 (ALJ failed properly to consider findings of state

4   agency medical consultants where ALJ stated that he "agreed with the limitations

5   assessed by the state agency consultants" but the ALJ's residual functional

6   capacity assessment did not accurately include the limitations found by the state-

7   agency physicians and the ALJ "did not otherwise explain" the weight given to the

8   opinions).

9        Although, as defendant suggests, the ALJ may be able to reject the opinions

10  of Drs. Wahl and Hartman on other grounds (Defendant's Motion at 10-11), the

11  ALJ did not do so in the administrative decision.  This Court may not affirm the

12  ALJ's non-disability determination based on reasons not articulated by the ALJ.

13  See Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v.

14  Chenery Corp., 332 U.S. 194, 196(1947)) ("[courts] may not uphold an [ALJ's]

15  decision on a ground not actually relied on by the agency"); Orn v. Astrue, 495

16  F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ

17  in the disability determination and may not affirm the ALJ on a ground upon

18  which he did not rely."); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

19  2003) ("We are constrained to review the reasons the ALJ asserts.").

20       Finally, the Court cannot find the ALJ's error harmless.[5]  At the hearing, the

21  vocational expert testified that plaintiff (or a hypothetical individual with the same

22  characteristics as plaintiff) could not perform plaintiff's past relevant work if

23  plaintiff was "limited to [lifting/carrying] 20 pounds occasionally and 10 pounds

24  frequently."  (AR 41) (citing Exhibit 9F [AR 345-50] (Dr. Wahl's August 19,

25  2009 RFC Form)).  The Court therefore cannot conclude that the ALJ's

26  _____

27       [5]The harmless error rule applies to the review of administrative decisions regarding
     disability.  See Molina, 674 F.3d at 1115-22 (discussing contours of application of harmless error
28  standard in social security cases) (citing, *inter alia*, Stout, 454 F.3d at 1054-56).

1  nondisability determination at step four would have been the same had the ALJ

2  included Dr. Wahl's limitation in his residual functional capacity assessment for

3  plaintiff.  See Sawyer, 303 Fed. Appx. at 455 (error in ALJ's failure properly to

4  consider medical opinion evidence considered harmless "where the mistake was

5  nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability

6  conclusion. . . .") (citing Stout, 454 F.3d at 1055).  Accordingly, the Court cannot

7  find that the ALJ's error was harmless.

8  **V.     CONCLUSION**[6]

9        For the foregoing reasons, the decision of the Commissioner of Social

10  Security is reversed in part, and this matter is remanded for further administrative

11  action consistent with this Opinion.[7]

12        LET JUDGMENT BE ENTERED ACCORDINGLY.

13  DATED:   March 20, 2013

14                                            _____/s/_____

15                                            Honorable Jacqueline Chooljian
                                              UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23        [6]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
       decision, except insofar as to determine that a reversal and remand for immediate payment of
24     benefits would not be appropriate.

25        [7]When a court reverses an administrative determination, "the proper course, except in rare
       circumstances, is to remand to the agency for additional investigation or explanation."
26     Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and
       quotations omitted).  Remand is proper where, as here, additional administrative proceedings
27     could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.
28     1989).